Abraham N. Geller, J.
Plaintiff husband moves to enjoin his wife from prosecuting her divorce action in Florida pending the determination of the issues in this action in this State for a separation on the ground of abandonment.
The parties were married in 1950 and have three children. The matrimonial domicile was during all these years in this State. On September 9, 1964 the wife moved to Miami Beach, Florida, taking the three children with her. On March 2, 1965 she was served in Florida with the summons in her husband’s New York action for a separation. On March 16, 1965 the wife commenced her Florida action for a divorce on the ground of cruelty, serving her husband by a form of substituted service in this State.
The wife seeks to establish bona fide domicile in Florida by referring to such indicators as her living with the children in a house specially rented by her father for himself, his wife and them, although the parents had theretofore resided for 12 years in a small apartment; the enrollment of the children in school; a one-year membership in a synagogue; and her being employed by Miami firms.
But the fact remains that she left this State, where the parties had resided for many years, taking the children with her, and her choice of domicile newly made in Florida may be for purposes of matrimonial litigation, especially in light of the fact that she instituted an action for divorce immediately upon expiration of the required residence period in Florida (six months) and upon a ground not recognized in this State. For present purposes both parties are presumably New York domiciliaries. The husband is prima facie entitled, with respect to his pending action for a separation, to the protection afforded by an injunction to be issued by the State of the matrimonial res, particularly when confronted with a subsequent suit for a divorce in a sister State whose judgment based on a finding of domicile would be entitled to full faith and credit.
This case is clearly distinguishable from Rosenstiel v. Rosenstiel (15 A D 2d 880) and Faulk v. Faulk (21 A D 8d 967) where temporary injunctions were refused in view of the showing of substantial indicators of domicile and citizenship for many years in the sister -State going back to a period even antedating the marriage.
The wife has interposed through New York attorneys her answer to the separation action, denying the allegations of the complaint and raising the question of jurisdiction by an affirmative defense that, by reason of her being a Florida domiciliary, this court does not have personal jurisdiction over her as the *422 result of the service of the summons upon her in that State. This, of course, does not constitute an appearance under CPLR, and the issue of jurisdiction remains in the case for trial disposition.
The motion for a temporary injunction is granted. Settle order, providing that the relief herein granted is conditioned upon plaintiff’s promptly proceeding to notice the case for trial and expeditiously prosecuting his action.